Paul O. JOHNSON et al., Appellants,

v.

W. F. KARAM et al., Appellees.

No. 6146.

Court of Civil Appeals of Texas,
El Paso.

April 7, 1971.

Rehearing Denied May 5, 1971.

Fred J. Morton, Mark F. Howell, El Paso, for appellants.

Long & Koehler, Harold S. Long, Newman & Newman, Tom B. Newman, Jr., El Paso, for appellees.

## OPINION

RAMSEY, Chief Justice.

This cause of action was filed by W. F. Karam and Jack Perl and wife, Billie Perl, as plaintiffs, against Paul O. Johnson and wife, Geneva Ann Johnson, and others, as defendants, in trespass to try title and to cancel contracts affecting title to property in El Paso. Defendants Johnson filed a cross action for specific performance and damages against plaintiffs, and a third-party petition against Pauline Ablon for declaratory judgment, rescission of a contract and for possession of the premises. The third-party defendant, Ablon, filed a cross action against the defendants Johnson and against plaintiffs Karam and Perl for damages.

At the conclusion of the trial, the court withdrew the case from the jury and entered judgment, as a matter of law, for the plaintiffs and denied any recovery to defendants on their cross action and third-party action, and denied the third party's cross action for damages against the defendants and plaintiffs. Defendants Johnson and cross-defendant Ablon have perfected their appeals. The parties will be referred to by their surnames for simplicity.

On July 24, 1965, Karam and Perl entered into an agreement with Johnson for the sale of the Sahara Motor Inn at El Paso. Johnson was to assume a first lien mortgage of approximately $375,000.00 and to assign a first lien mortgage note on Nebraska property with a balance of approximately $145,000.00 and to assume other bank mortgages on the fixtures. In addition, he executed a $70,000.00 note which was payable $1,000.00 per month, to commence February 24, 1966. The instruments were executed, including a deed to Johnson, and held in escrow by an El Paso title company, and were to be delivered to Johnson at such time as Karam and Perl were satisfied with title to the Nebraska property. This first agreement was amended the following day, July 25, 1965, by an agreement providing that Johnson was to have possession of the motel, and that the monies received from its operation were to be held in escrow, less expenses and lien payments, until such time as the instruments were delivered conveying title. The amendment also provided that if the transaction was not completed in sixty days, possession would be returned to Karam and

Perl, and if title to the Nebraska property could not be perfected in sixty days, the agreement was to be of no further force or effect. Johnson took possession, assigned the Nebraska note "without recourse", and undertook to operate the motel, paying the lien payments and making some seven payments on the $70,000.00 note. An attorney's opinion on the Nebraska property revealed delinquent taxes of approximately $6,800.00, relegating the mortgage securing the $145,000.00 note subordinate and secondary to the tax lien.

On September 20, 1965, Johnson executed a sworn statement that tax receipts would be delivered six months and fifteen days later on the Nebraska property. On February 1, 1966 Karam and Johnson signed another agreement (not signed by Perl) relating to closing provisions. On October 13, 1966 still another agreement was executed by Karam and Johnson (Perl did not sign), ratifying all prior agreements and providing that Johnson could execute a 30-day promissory note for the Nebraska taxes. Johnson executed the note and it was held in escrow. Perl refused to sign both subsequent agreements. Johnson never paid the delinquent taxes.

On October 2, 1966, Johnson entered into an agreement with Ablon for the sale of the motel. The transaction between Karam, Perl and Johnson still was not closed. The total consideration was $1,005,000.00. Ablon conveyed some property in Florida to Johnson, executed a $233,000.00 note, and agreed to assume the indebtedness on the motel. This transaction was without the knowledge of Karam or Perl. The agreement provided that time was of the essence, stating:

"This transaction shall be closed on or about the 20th day of October, 1966, unless delayed by title defects."

On October 17, 1966 Ablon went into possession and remained until the time of trial in March, 1970. Prior to the expiration of thirty days from October 13, 1966, Karam and Perl learned of Mrs. Ablon's operation of the motel. Apparently, Karam and Perl acquiesced in Ablon's operation of the motel.

On January 31, 1967, lien payments on the motel were in arrears. Karam and Perl then executed an agreement with Ablon agreeing to sell her the motel for $750,000.00 in the event they recovered title and possession from Johnson. The agreement provided that Ablon should pay all notes current, plus operating costs and, if Ablon defaulted, the contract could be canceled and Karam could retain all monies paid as liquidated damages. The agreement provided no time stipulation for Karam and Perl to do anything, though Ablon testified that her attorney assured her that it would be included. Ablon was represented by an attorney in all her transactions. The evidence shows that from October 17, 1966 through the year 1969, Ablon's payments and expenses exceeded her income from the property by approximately $128,000.00, and that when her financial resources were exhausted, she failed to make the payments after October, 1969 and became in default. After her default, Karam and Perl joined Ablon as a party defendant seeking cancellation of their contract with her and for title and possession.

■ Appellant Johnson assigns five points of error. Appellees Karam and Perl challenge Points One and Two as being multifarious, general and indefinite and not in compliance with Rules 321, 322 and 374, Texas Rules of Civil Procedure. This same objection is made to appellant Ablon's points One and Two. With appellees' contention we are inclined to agree; yet the appellate courts of this state are prone to consider the points if, from their presentation, the error complained of can be ascertained with some degree of certainty. Keystone-Fleming Transport v. City of Tahoka, 315 S.W.2d 656 (ref. n. r. e.). For this reason this court will entertain these points of error.

■ The correct rules governing the appellate court in considering cases with-

drawn from the jury require this court to view the evidence in the light most favorable to the losing party, and to indulge against the instruction every inference that may be properly drawn from the evidence. Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148 (1953). If the evidence is conflicting, the jury must decide the conflict; and if the evidence is not conflicting, but reasonable minds might differ as to its effect, still a fact issue is presented. Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224 (1942). If there are issues to be submitted to the jury, Rule 277, Texas Rules of Civil Procedure, requires that the court "shall submit the cause upon special issues raised by the written pleadings and the evidence in the case."

■ In considering appellant Johnson's Points 1 and 2, the relationship of Karam and Perl is quite important, since most of the negotiations were conducted by Karam. Karam and Perl received their interest ownerships from different sources. There are no allegations in the pleadings as to a co-partnership existing between them, and no allegation that one was the agent of the other, with actual, ostensible or apparent authority. Therefore, the court must conclude, based on the record, that Karam and Perl were tenants in common, each capable of dealing with his own interest in the property without the joinder of his co-tenant, and each susceptible to partial specific performance. Naylor v. Parker, 139 S.W. 93 (Tex.Civ.App. n. w. h.); Ward v. Walker, 159 S.W. 320 (ref.); Dittoe v. Jones, 220 S.W.2d 315 (ref. n. r. e.); 52 Tex.Jur.2d § 75, p. 616. Even though partial specific performance may be decreed against tenants in common, yet, where complete performance is sought, partial performance should not be decreed, though the party may have his remedy at law. Sorsby v. Thom, 168 S.W.2d 873 (Tex.Civ.App. ref. w. o. m.); Burnett v. Mitchell, 158 S.W. 800 (Tex.Civ.App. ref.). In addition, specific performance is purely equitable and not based on absolute right.

Rutherford v. Nichols, 253 S.W.2d 306 (Tex.Civ.App. ref. n. r. e.). The contracts themselves all dealt with a singular piece of property, for one total consideration, and would therefore be indivisible. Frankfurt Finance Co. v. Treadaway, 159 S.W.2d 514 (Tex.Civ.App. ref. w. o. m.).

■ As to Johnson's cross-action for specific performance, it appears uncontroverted in the record that Johnson never cleared title to the Nebraska property. The agreements of February 1, 1966 and October 13, 1966 were never signed by Perl; the evidence being uncontradicted that he refused to sign them. To entitle a party to specific performance he must, as a rule, show that he has performed all the obligations imposed upon him by the contract, or has tendered or offered performance. 52 Tex.Jur.2d § 52, p. 588. As a matter of law, Johnson is not entitled to specific performance. Johnson's allegations for recovery of damages should be denied, since reduction of the mortgage balances was in accordance with the contract of the parties, and Johnson's contract with Ablon was made without the knowledge of Karam or Perl.

For the foregoing reasons, assignments of error numbers One and Two are overruled.

■ Point number Three complains of the exclusion of evidence between Johnson and his attorney. This evidence related to Johnson's reasons for not complying with the October 13, 1966 agreement. The record clearly shows that this agreement was never executed nor accepted by Perl, and therefore its admission or exclusion would actually be of no consequence since the agreement itself was never consummated. This point is overruled.

■ Point Four complains of the court's error in refusing to submit the issue of Johnson's justification in not performing under the contract due to Karam's refusal to release the lien. This point relates to matters arising after the October 13, 1966

contract which was never consummated. A party's motion for judgment does not necessarily delineate the trial court's authority to render and enter judgment. Rules 300, 301, T.R.C.P. This point is overruled.

Point Five complains of the judgment against Johnson denying him reimbursement for the value of services and decrease in lien balances. As pointed out earlier, issues to be submitted to the jury are those raised by the written pleadings and the evidence in the case. Rule 277, supra. There are no pleadings or proof as to the value of Johnson's services. There is evidence that the lien balances were decreased. At the same time, the agreement of the parties provided that Johnson would have possession of the premises and that all monies from the operation of the motel, less expenses and lien payments, would be held in escrow. In addition, Johnson agreed to "assume all liability and responsibility of every nature" arising out of the operation during his possession. In viewing the evidence most favorable to Johnson, he did not testify as to any money actually contributed by him other than received from the operation of the motel, though questions were asked affording him ample opportunity. Johnson made some seven payments on the $70,000 note, but there is no evidence presented showing the source of such funds. Admittedly, Karam and Perl collected some $3,300.00 on the Nebraska note. At least to this extent, and possibly the seven note payments, also, would be funds received by Karam and Perl in excess of their contract, which might or might not result in unjust enrichment. In any event, under the pleadings and evidence, a material fact issue is presented only as to restitution. This portion of Johnson's cross-action under assignment of error number Five should be remanded to the trial court for determination of the amount of money, if any, Johnson would be entitled to recover. At the same time, Johnson's accepted liability under the agreement may exceed his anticipated benefits, since he assumed "all liability" during possession.

As between Ablon, Karam and Perl, the contract is rather explicit. Under its terms, however, Karam and Perl are not obligated to perform in any respect, nor to deliver any deed or to convey title. Their only obligation is to permit her to remain in possession whereby she might obtain title, either from them or Johnson. The law never favors forfeiture, yet, in her agreement with Karam and Perl, the provision is in their agreement that if she defaults, the contract can be canceled and all of her rights forfeited, and that Karam may retain the money paid as liquidated damages. Ablon admits her default in the lien payments, simply due to the exhaustion of her funds. The courts can only construe the contracts of parties to which they agree. Ablon's points of error against Karam and Perl are accordingly overruled.

Ablon's claim against Johnson as expressed in the pleadings is not entirely clear. Ablon sought only money damages based on the difference between revenue and expenditures. No damages were sought for the Florida property; and no action is brought for specific performance. Johnson generally denied the allegations in Ablon's action, excusing his failure to perform under his contract with Ablon to Karam's and Perl's failure to consummate their transactions with him. Johnson also seeks indemnity and contribution over and against Karam and Perl for any damages that might be awarded Ablon, alleging that Karam and Perl are primarily responsible for any damage occasioned by Ablon. Johnson's claim against Ablon was denied by the trial court. There is no assignment of error presented, and, in its absence, any error by the trial court would ordinarily be waived. In view of the construction of Rule 434, T.R.C.P., severability relates only to causes of action, not to issues. Since there are material facts evident in the controversy between Ablon and Johnson, this

portion of the case should be remanded in its entirety.

Based on the foregoing, we hold, under Rule 434, Texas Rules of Civil Procedure, that the causes of action are severable, and it is the opinion of this court that:

(a) That portion of the trial court's judgment confirming title and possession to the property in the plaintiffs Karam and Perl as against all defendants, and denying Ablon's direct cross-action against Karam and Perl, is affirmed; and

(b) That portion of the judgment denying Johnson's cross-action for damages against Karam and Perl, and Ablon's cross-action for damages against Johnson, as well as Johnson's action over and against Karam and Perl for indemnity or contribution, should be reversed and remanded.

Affirmed in part, and in part reversed and remanded.