NUECES COUNTY HOSPITAL DISTRICT, d/b/a Memorial Medical Center of Corpus Christi, Appellant,

v.

TEXAS HEALTH FACILITIES COMMISSION et al., Appellees.

No. 12906.

Court of Civil Appeals of Texas, Austin.

Jan. 24, 1979.

Rehearing Denied Feb. 21, 1979.

Duane F. Emmert, McGinnis, Lochridge & Kilgore, Austin, for appellant.

John L. Hill, Atty. Gen., Carla J. Cox, Asst. Atty. Gen., Austin, for Texas Health Facilities Commission.

Fred E. Davis, David M. Davis, Davis, Davis & Sharp, Austin, for Spohn Hospital of Corpus Christi.

SHANNON, Justice.

Appellant Nueces County Hospital District, doing business as Memorial Medical Center of Corpus Christi, appeals from the judgment of the district court of Travis County which affirmed an order of appellee Texas Health Facilities Commission. The Commission's order granted the application of appellee Spohn Hospital for a certificate of need authorizing the purchase and installation of a computerized tomographic whole body scanner. In another order the Commission denied Memorial's application for a certificate of need for a similar scanner. We will affirm the judgment of the district court.

For purposes of this opinion it is accurate to state that Spohn filed an application with the Commission on April 7, 1977, to purchase a scanner to be placed and operated in the hospital in Corpus Christi. Memorial filed its application on May 6, 1977, with the Commission for a similar scanner to be placed and operated at its hospital. Pursuant to its rules, the Commission joined the applications as "potentially competing applications" and proceeded to consider the applications in a single hearing.

The parties presented evidence to the Commission pertaining to the need in the Corpus Christi community for a body scanner. The position of the parties before the agency was that there was need for two scanners, one at each hospital.

After entry of the Commission's orders, Memorial filed an administrative appeal in the district court of Travis County. In its petition Memorial attacked both the order approving Spohn's application and the order denying its own application. Pursuant to Spohn's motion, the district court severed that part of the administrative appeal complaining of the approval of Spohn's certificate from that part complaining of the denial of Memorial's certificate, and entered judgment affirming the Commission's approval of Spohn's certificate. More specifically, the district court concluded in its judgment that the Commission's order granting the requested authority to Spohn was supported by substantial evidence and was not arbitrary or capricious. It is that judgment now under consideration in this appeal.

After severance of Spohn's cause from that of Memorial, the primary task of the district court in the severed cause was to determine whether the Commission's approval of Spohn's certificate was supported

by substantial evidence. Upon appeal, the main issue presented for review is whether the district court correctly determined that the Commission's approval of Spohn's certificate was supported by substantial evidence.

An appeal from an order of the Commission is governed by the substantial evidence rule. A statement of the law relating to judicial review of agency orders is found in a recent opinion of this Court, *Mutual Building and Loan Association v. Lewis,* 572 S.W.2d 771 (Tex.Civ.App.1978, no writ), and need not be repeated.

The district court correctly concluded that there was substantial evidence in support of the Commission's order approving the Spohn application. In fact, during the agency hearing, Memorial's position was that there was substantial evidence to support approval by the Commission of certificates for *both* Spohn and Memorial. For example, Dr. Franz J. Hallermann, Memorial's witness, testified on cross-examination, "We need two scanners and we need them badly. We need one at Spohn and we need one at Memorial." At least four other of Memorial's witnesses testified to the same effect. Memorial is hardly in a position now to claim that there is not substantial evidence to support the Commission's order approving Spohn's certificate.

Memorial complains that the district court erred in entering the order of severance. Texas R.Civ.P. 41 provides that, "[a]ny claim against a party may be severed and proceeded with separately." A severance is appropriate if a controversy involves two or more separate and distinct causes of action, each of which might constitute a complete lawsuit within itself. Hall, *Severance and Separate Trial in Texas,* 36 Texas L.Rev. 339 (1958). An examination of the transcript shows that the administrative appeal involved two or more separate and distinct causes of action and was therefore subject to severance. In its petition Memorial pleaded:

"The first cause of action alleged herein is a suit for judicial review of the order of the Texas Health Facilities Commission dated December 8, 1977, granting a certificate of need to Spohn Hospital.

.   .   .   .   .

"This second cause of action is one for judicial review of the order of the Commission dated December 8, 1977, which denies Plaintiff [Memorial] authority to purchase, install and operate a computerized whole body tomographic scanner at its medical center in Corpus Christi, Texas."

.   .   .   .   .

Moreover, trial courts have broad discretion in the matter of severance of causes, and an order of severance will not be disturbed on appeal except for abuse of discretion. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588 (1955). Appellant has not shown abuse of discretion.

Memorial complains by point of error three that the district court should have reversed the Commission's order approving Spohn's certificate for the reason that the Commission failed to give notice to the parties that their applications would be considered "mutually exclusive."

The Commission, before hearing and presentation of evidence relative to community need, could hardly know that concurrently filed applications would be mutually exclusive of one another. Only after hearing and consideration of the evidence could the Commission determine that the community would need a body scanner. If there were such a need in the community, the Commission would be then in a position to determine how many scanners were needed.

Even so, under the circumstances, Memorial knew or should have known that the Commission could conceivably grant only one application for a scanner. Commission Rule 902(c) enables the Commission to join "potentially competing" applications for one hearing. Under the authority of its rule, the Commission notified Spohn and Memorial that the applications had been joined as "competing applications." In pleadings

filed with the agency Memorial alleged that its application was "competing in nature" with that of Spohn. After the Commission's joinder of the applications, Spohn filed a motion for severance. Memorial answered the motion for severance and urged that Spohn's motion be denied and that ". . . the *competing* applications proceed to hearing together . . ." (Emphasis added) Knowing that the Commission might grant only one application, Memorial had ample opportunity to respond to that possibility by presenting evidence and by arguing to the Commission that its application should be favored over Spohn's. Point of error three is overruled.

The district court's affirmance of alleged arbitrary action by the Commission in the denial of Memorial's certificate is the subject of other points of error. Memorial complains that there was no evidence that only one scanner was needed. Memorial also claims error in that the Commission made no findings as to why Memorial's certificate was not granted. These points of error are overruled because the denial by the Commission of Memorial's certificate was not treated by the judgment presently on appeal. We understand that there is an appeal now pending involving the judgment of the district court in the phase of the suit which considered the Commission's denial of Memorial's application. Should the questions posed by these points be presented in that appeal, they will be considered at that time.

The judgment is affirmed.

Affirmed.