## In re EL PASO COUNTY HOSPITAL DISTRICT, Relator.

No.  08–98–00228–CV.

Court of Appeals of Texas, El Paso.

Aug. 13, 1998.

Ken Slavin, Brower & Slavin, El Paso, Edward M. Sosa, Asst. County Atty., El Paso, for Relators.

John L. Fashing, El Paso, for Respondent.

Brunson Moore, El Paso, for Real Parties–In–Interest.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

### *OPINION*

LARSEN, Justice.

This mandamus action involves the issue of improper severance.  The El Paso County Hospital District and County of El Paso seek a writ of mandamus vacating the trial court's

severance order in a suit brought by taxpayers against the County of El Paso, in which the Hospital District intervened. Relators contend that the trial court clearly abused its discretion by severing the Hospital District from the underlying lawsuit after submission on stipulated facts, and that the severance impermissibly splintered a single cause of action involving identical facts and issues.[1] We agree that severance was an abuse of discretion, and finding no adequate remedy exists on appeal, we conditionally grant the writ.

## FACTS

The underlying issue here is whether the El Paso County Hospital District and the County of El Paso have complied with the computation and publication requirements of the Texas Tax Code.[2] The Code requires, among other things, calculation and publication of estimated unencumbered general fund balances remaining at the end of each fiscal year "in the form prescribed by the comptroller."[3] Relators assert that the comptroller has interpreted this to mean the estimated balances "left in the unit's property tax accounts;" that is, only those funds raised through property tax collections.

The El Paso County Hospital District serves a disproportionately large number of indigent patients, for which it receives money ("dispro funds") from the Texas Medical Assistance (Medicaid) program. These funds are not raised by property taxes, and relators do not include them in the calculations and publication mandated by the Tax Code. The plaintiffs in the underlying lawsuit are El Paso County taxpayers who contend the dispro funds should be included. They filed this suit against the County seeking injunctive relief, declaratory relief, and attorney's fees.[4] The Hospital District intervened, stating that it was the entity whose funding was

under challenge, and it was responsible for providing the financial information and calculations which were the subject of the suit.

The case was submitted to the trial court to render judgment based on stipulated facts. The trial court entered a first judgment on June 22, 1998, which he revised the next day and again on June 24, 1998. On June 25, 1998, the trial court, on its own motion, severed the Hospital District from the case and split the claims against the County (for injunctive and declaratory relief) into two separate causes, thus creating three lawsuits where the day before there had been one lawsuit and one judgment. The following day, the trial judge entered yet another revised judgment in the severed declaratory relief action against the County. This third revised judgment was then superseded by the fourth revised judgment which does not effect any claim made in this mandamus.[5] The Hospital District and County filed this mandamus asking for relief from the severance order.

### Severance may not be ordered after submission

▆ Initially, the County and Hospital District urge that severance was improper because it came after the case was submitted to the trial court. Texas Rule of Civil Procedure 41 outlines the circumstances where severance is appropriate. It states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, *before*

---

1. Relators also request that we review the merits of this case, arguing that it will promote judicial economy if we do so. We decline the invitation to issue an advisory opinion.

2. Tex. Tax Code Ann. § 26.04 (Vernon 1992 & Supp.1998).

3. Tex. Tax Code Ann. § 26.04(e) (Vernon 1992 & Supp.1998).

4. Relators challenge taxpayers' standing to bring a declaratory judgment action, as only injunctive relief is authorized by the Tax Code. Tex. Tax Code Ann § 26.04(g) (Vernon 1992 & Supp.1998). We decline to visit the merits of this claim on mandamus.

5. The fourth revised judgment was entered after this mandamus action was filed.

the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.[6]

Where trial is to a jury, the Supreme Court has held that severance clearly comes too late after the jury has reached a verdict.[7] Exactly when a purely legal dispute is "submitted" to the trial court, however, is a matter of first impression. We think it is logical that a case, whether tried to a jury or to the court, is submitted when all factors to be considered are before the decision maker, and certainly when all parties request a resolution. Here, the parties stipulated to the manner in which the Hospital District and County calculated and published its unencumbered fund balances each year, and presented that stipulation to the trial court accompanied by the following language:

> Plaintiffs, Defendants and Intervenor, through their respective counsel, hereby present the above listed stipulated finding of fact and request that the Court render its judgment based on such facts and attached exhibits.

We conclude that this presentation of stipulated facts, coupled with the request that the court render judgment based upon them, constituted submission of the case. Reinforcing that conclusion is the trial court's actual entry of judgment, followed by two revisions, before the severance. We hold that the trial court clearly abused its discretion in severing portions of the lawsuit after submission, contrary to the requirements of Texas Rule of Civil Procedure 41.[8]

### Severance is not appropriate for a single cause of action or interwoven claims

■■■ The County and Hospital District urge a second and independent ground for mandamus: that the severance impermissibly fragmented a single cause of action based upon interwoven, indeed identical, issues. In this regard, a claim may be properly severed only if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.[9] We find the severance complained of here fails on both the first and third prongs of this test.

Although plaintiffs' petition is couched in terms of both injunctive and declaratory relief, alternative requests for relief do not create multiple causes of action.[10] There is but one complaint here: that the County and Hospital District are not complying with state truth-in-taxation laws. Moreover, the question of whether the County and Hospital District are complying with state truth-in-taxation laws involves identical facts and issues as to both. On this ground as well, then, we find that the trial court abused his discretion in severing the Hospital District from the County, and the request for injunctive relief from that for declaratory judgment.

### Inadequate remedy by appeal

■■■ Finally, for mandamus to issue, we must determine that appeal does not provide an adequate remedy. We hold it does not. Mandamus is justified when parties stand to lose substantial rights.[11] Here, the Hospital District and the County have a substantial right to a single judgment and comprehensive appeal of the single complaint brought

6. Tex.R. Civ. P. 41 (emphasis added).

7. *State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex.1993).

8. *Id.*; Tex.R. Civ P. 41.

9. *Cotner*, 845 S.W.2d at 819; *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *Jones v. Ray*, 886 S.W.2d 817, 820 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).

10. *See Ryland Group, Inc. v. White*, 723 S.W.2d 160, 162 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding) (personal injury and property damage claims arose from a single wrongful act and it was abuse of discretion to sever them).

11. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992); *Jones*, 886 S.W.2d at 822; *White*, 723 S.W.2d at 163.

by the taxpayers plaintiffs.[12] The splintering of this lawsuit, an action unsought by any party, will seriously compromise that right. We hold that mandamus is an appropriate remedy for the abuse of discretion here.

### CONCLUSION

We conditionally grant the writ of mandamus as to the order of severance of June 25, 1998. We are confident that the trial judge will vacate his order. Only if he does not will the clerk issue the writ.