Paula S. Wakefield DUNCAN
and Michael D. Duncan,
Appellants,

v.

CALHOUN COUNTY NAVIGATION
DISTRICT, Appellee.

Louis Foester, III, and Wife, Shirley
Foester, Appellants,

v.

Calhoun County Navigation
District, Appellee.

Josephine Foester Bishop, Investment
Partnership, Ltd., And Louis
Foester, III, Appellants,

v.

Calhoun County Navigation
District, Appellee.

Wayne Henderson and Wife, Hattie
Henderson, Appellants,

v.

Calhoun County Navigation
District, Appellee.

James E. Shannon, Jr. and Carolyn
C. Shannon, Appellants,

v.

Calhoun County Navigation
District, Appellee.

Nos. 13–99–343–CV to 13–99–347–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 24, 2000.

Opinion Overruling Rehearing
Sept. 28, 2000.

708

John D. Murphree, Murphy & Murray, L.L.P., Victoria, for Appellants.

Wanda Roberts, David Roberts, Garner, Roberts & Roberts, Port Lavaca, Frank E. Weathered, Dunn & Weathered, Corpus Christi, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

## O P I N I O N

Opinion by Justice DORSEY.

Appellants are various landowners upon whose land an easement was acquired through eminent domain by the Calhoun County Navigation District. The Navigation District sought partial summary judgment on the issue of its authority to take the property through the power of eminent domain.[1] The trial court granted summary judgment and severed the condemnation proceeding into two cause numbers, separating the issues of "just compensation" from "right to take."

The landowners here appeal the partial summary judgment granted in favor of the Navigation District. However, we do not address the merits of the appel-

1. The issue of just compensation is still pending in the trial court, though it has been given a new cause number pursuant to the order of severance.

lants' cause because we find that the trial court improperly split the condemnation cause of action and therefore, this matter is not ripe for our review. *Accord Audish v. Clajon Gas Co.,* 731 S.W.2d 665, 672 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd.) (holding that trial court did not err in refusing to sever "right to take" issues from "just compensation" issues in condemnation proceeding because they are merely subparts of a single cause of action). We hold that a condemnation proceeding may not be split into two lawsuits by separating the issues of "just compensation" from "right to take."

■ We hold the trial court abused its discretion in ordering severance of the condemnation proceeding. Severance is proper where (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990). The severed portion of this lawsuit fails to meet the first two prongs of this test. The condemnation suit involved a single cause of action that could not be severed, and, the portion that was severed—the issue of the Navigation District's authority to exercise the power of eminent domain—would not be the proper subject of an independent lawsuit. We hold that the issues of "just compensation" and "right to take" are components of a single, indivisible cause of action.

■■ A proceeding in condemnation is a unique type of lawsuit, created entirely by statute. It is the procedure by which a sovereign state exercises its right to take property of a private owner for public use, without consent, but upon the payment of just compensation. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 820 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). A condemnation is part administrative, part judicial. *Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 242 (Tex.1984), *see also, generally,* Laura Hanley, Comment, *Judicial Battles Between Pipeline Companies and Landowners: It's Not Necessarily Who Wins But By How Much,* 37 Hous. L.Rev. 125, 135–42 (2000) (describing the statutory process for condemnation).

■ The process begins by the condemning authority filing a statement in the proper court. *Amason,* 682 S.W.2d at 242. Upon the filing of this statement, the trial court judge appoints three special commissioners who assess the damages and then file an award which, in their opinion, reflects the value of the sought-after land. *Id.* The special commissioners are authorized only to assess the amount of fair compensation and have no authority to decide whether the condemnor possesses the right to condemn the property in the first place. *Id.* The initial proceedings through the filing of the special commissioners' award are administrative in nature. *Id.*

■ If the condemnor is satisfied with the award, it must either pay the amount of the award to the condemnee or deposit that amount in the court's registry. *Id.* If the condemnee is dissatisfied with the special commissioner's award, he must timely file objections with the court. *Id.* Upon the filing of objections, the special commissioners' award is vacated and the administrative proceeding converts into a normal lawsuit, pending in the court in which the application was filed, with the condemnor as plaintiff and the condemnee as defendant. *Id.* The condemnee has the burden of serving citation on the condemnor. *Id.* Then, the condemnor has the burden to prove that all requirements of the condemnation statute have been satisfied, thus giving it the right to take through the power of eminent domain. The condemnee has the burden of proving the amount of fair compensation. We hold that these two issues—which *together* form only one cause of action—cannot be severed into two lawsuits.

■ Rule 41 of the Texas Rules of Civil Procedure states that any claim

against a party may be severed and proceeded with separately. Tex.R. Civ. P. 41. The rule grants the trial court broad discretion in the matter of severance of causes. *Guaranty Federal Sav. Bank,* 793 S.W.2d at 658. A trial court's decision to sever will be reversed only upon finding an abuse of discretion. *Id.* However, courts have long recognized that it is an abuse of discretion to grant a severance that splits a single cause of action. *In Re El Paso County Hosp. Dist.,* 979 S.W.2d 10, 12 (Tex.App.—El Paso 1998, no pet.); *Ryland Group, Inc. v. White,* 723 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Duke v. Merkin,* 599 S.W.2d 877, 880 (Tex.Civ.App.—El Paso 1980, no writ.); *Nueces County Hospital District v. Texas Health Facilities Commission,* 576 S.W.2d 908 (Tex.Civ.App.—Austin 1979, no writ); *Hartnett v. Adams & Holmes Mort. Co., Inc.,* 539 S.W.2d 181, 184 (Tex.Civ. App.—Texarkana 1976, no writ). A "cause of action" consists of a plaintiff's primary right to relief and the defendant's act or omission that violates that right. *Jones v. Ray,* 886 S.W.2d 817, 821 (Tex.App.—Houston [1st Dist.] 1994, no writ).

■ This court has seen an increasing number of severances ordered after the granting of a partial summary judgment. However, even though partial summary judgment is proper in many cases, severance of that portion of the lawsuit is not proper when it amounts to the splitting of a single cause of action. The supreme court has explained that "[a] severance divides the lawsuit into two or more independent causes, each of which terminates in a separate, final and enforceable judgment." *Kansas University Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11, 19 (1961). Accordingly, "severance is proper only where the suit involves two or

more separate and distinct causes of action. Each of the causes into which the action is severed must be such that the same might properly be tried and determined if it were the only claim in controversy." *Id.* The severance of a single cause of action will ultimately result in two judgments that cannot stand independently of each other.

The Fifth Amendment to the U.S. Constitution provides that private property shall not be taken for public use, without just compensation. U.S. Const. amend. 5. The Texas Constitution provides that "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. . . ." Tex. Const. Art. 1, § 17. Thus, the issues of "just compensation" and "right to take" are inseparable portions of a condemnation cause of action. If the issue of "right to take" is severed from the issue of just compensation, the result is one "final" judgment that consists of a dollar amount representing just compensation for the property taken, and another "final" judgment that simply states that the government either may or may not "take" the subject property. Two such judgments would not be independent.

■ The longstanding rule in Texas is that appeals are allowed only from final orders or judgments. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). The civil practice and remedies code specifically authorizes appeals from interlocutory orders only in certain cases.[2] That code section also mandates that while the interlocutory appeal is pending, the commencement of the trial in the underlying proceeding will be stayed. *Id.* at § 51.014(b). When an "interlocutory" order is made "final" by severance, there is no rule requiring stay of the original pro-

---

**2.** *See* Tex. Civ. Prac. & Rem.Code § 51.014 (Vernon Supp.2000) (authorizing appeal from interlocutory orders appointing a receiver or trustee, or overruling a motion to vacate such an order; certifying or refusing to certify a class; granting or refusing a temporary injunction, or granting or overruling a motion

to dissolve a temporary injunction; denying a motion for summary judgment that is based on an assertion of official immunity by an individual; denying a motion for summary judgment that is based upon a claim arising under the free speech or free press clause; granting or denying a special appearance; or

ceeding pending resolution of the appeal. Accordingly, severance is not a proper method for obtaining an appellate ruling on an order that does not involve causes that are the proper subject of separate trials. To be final, a judgment must fully dispose of all issues and all parties in the lawsuit. *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893 (Tex.1966). Clearly, neither an order granting the government the "right to take," nor an order setting the proper amount of "just compensation" disposes of all issues and parties in a condemnation suit. We hold that a condemnation cause of action encompasses both the issues of "right to take" and of "just compensation." Separating those issue by severance order is improper splitting of a cause of action.

We have discovered no case where an appellate court upheld severance of a condemnation proceeding. We agree with the Houston Fourteenth court that a condemnation proceeding constitutes a single cause of action. *See Audish,* 731 S.W.2d at 672. In that condemnation appeal, the appellants argued that the trial court improperly *refused* to sever the issues of "right to take" and "just compensation." The court disagreed, stating:

> [A]ppellants' contend that the trial court erred in refusing to sever the issues determined by the partial summary judgment in order to allow an immediate appeal before the trial on the issue of land value. Severability relates only to causes of action not to issues. *Johnson v. Karam* 466 S.W.2d 806, 811 (Tex.Civ. App.—El Paso 1971, writ ref'd n.r.e.). Although TEX.R. CIV. P. 41 states that "[A]ny claim against a party may be severed and proceeded with separately," this rule has been construed to mean that a claim may be severed only if it is part of a controversy which involves more than one cause of action. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522, 525 (Tex.1982). The filing of a motion for partial summary judgment is not an indication that an inde-

pendent cause exists. The rule allowing partial summary judgment allows the court to dispose of certain issues without adjudicating the rights of the parties on the entire case, often simplifying the issues for trial. TEX.R. CIV. P. 166–A. In the condemnation proceeding there existed but one cause of action.

*Id.*

We hold the trial court abused its discretion in ordering severance that split the condemnation cause of action. We reverse the order of severance and dismiss the remaining issues in this appeal for want of jurisdiction.

## OPINION ON MOTION FOR REHEARING

In their motion for rehearing, the landowners contend that this court improperly reversed the trial court's severance of a particular issue involved in the summary judgment proceeding. That issue is whether the Navigation District's actions in taking the land were void because it failed to file a "takings impact assessment" report. The Private Real Property Rights Preservation Act requires that governmental entities file such a report in certain situations. *See* TEX. GOVT. CODE ANN. § 2007 (Vernon 2000). However, the Act does not apply to "a formal exercise of the power of eminent domain." *Id.* at § 2007.003(b)(8).

In our original opinion, we held that the issues of right to take and just compensation may not be severed in a condemnation proceeding. In this case, the Navigation District's compliance with the Act bears directly on the issue of whether its taking of the easement was legally sound. If the Act was applicable, the failure to file the takings impact assessment would render the Navigation District's taking void. *Id.* at § 2007.044(a). Accordingly, because this issue is so interwoven with the other right to take issues in the condemnation proceeding, we held that the severance was improper. We acknowledge that an action to declare a governmental taking

granting or denying a plea to the jurisdiction

by a governmental unit).

void under the Act may be brought as an independent suit. *Id.* However, in this case, we hold the appropriate course is to leave all the right to take issues consolidated with the condemnation proceeding.

The motion for rehearing is overruled.