ACCEPTED
13-14-00383-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/28/2015 4:53:06 PM
DORIAN RAMIREZ
CLERK

NO. 13-14-00383-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/28/2015 4:53:06 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS

301 WHITE OAK RANCH, LTD., JOHN D. MANNING,
D/B/A JM PROPERTIES AND AURORAS, LLP
Appellants,

v.

OAKS OF TRINITY HOMEOWNERS' ASSOCIATION, INC.
Appellee.

ON APPEAL FROM THE
253RD JUDICIAL DISTRICT COURT OF LIBERTY COUNTY, TEXAS

# REPLY BRIEF OF 301 WHITE OAK RANCH, LTD., JOHN D. MANNING, D/B/A JM PROPERTIES AND AURORAS, LLP

ORAL ARGUMENT REQUESTED

Charles E. Fitch
cfitch@fitchlaw.com
Texas Bar No. 07072000
LAW OFFICES OF CHARLES E. FITCH, P.C.
11 Greenway Plaza, Suite 2820
Houston, Texas 77046
Telephone: (713) 961-1200
Facsimile: (713) 622-6107

**Attorney for Appellants 301 White Oak Ranch, Ltd.,
John D. Manning, d/b/a JM Properties and Auroras, LLP**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................................... iii

REPLY ISSUES PRESENTED .............................................................................. ii

SUMMARY OF THE ARGUMENT .......................................................................1

ARGUMENT ..........................................................................................................2

**REPLY ISSUE NO. 1**: (Reply to Appellee's Cross Point No. 1) APPELLEE'S CROSS POINT NO. 1 SHOULD BE DENIED BECAUSE THIS COURT LACKS APPELLATE JURISDICTION CONCERNING APPELLEE'S CAUSE OF ACTION FOR THE DECLARATORY JUDGMENT CLAIM THAT THE SUBDIVISION ROADS ARE "COMMON AREAS" UNDER THE RESTRICTIONS SINCE THAT CLAIM WAS SEVERED INTO A SEPARATE ACTION APART FROM THE INSTANT CASE.

**REPLY ISSUE NO. 2**: (Reply to Appellee's Reply Point #1) THE SUMMARY JUDGMENT SHOULD NOT BE AFFIRMED BECAUSE APPELLEE FAILED TO MEET ITS BURDEN OF PROOF, OR EVEN ADDRESS, APPELLANTS' AFFIRMATIVE DEFENSE OF MUTUAL MISTAKE WITH RESPECT TO THE 2005 DEED.

**REPLY ISSUE NO. 3**: (Reply to Appellee's Reply Point # 5) APPELLEE HAS NOT SUBSTANTIVELY RESPONDED TO APPELLANTS' ISSUE NO. 4 CONCERNING A FAILURE OF THE 2005 DEED TO SUFFICIENTLY DESCRIBE THE LAND PURPORTED TO BE CONVEYED.

PRAYER ................................................................................................................11

CERTIFICATE OF COMPLIANCE....................................................................13

# INDEX OF AUTHORITIES

**Cases**

*Hall v. City of Austin*,
  450 S.W.2d 836 (Tex. 1970) ...........................................................................4

*Duncan v. Calhoun County Navigation Dist.*,
  392 S.W.3d 707 (Tex. App.—Corpus Christi 2000, pet. denied). ..................4

*Bauer v. Jasso*,
  946 S.W.2d 552 (Tex.App.—Corpus Christi 1997, no writ.) ........................ 6

*Gail v. Berry*,
  343 S.W.3d  520 (Tex. App.—Eastland 2011, pet. denied)...........................7

*Simpson v. Curtis*,
  351 S.W.3d 374 (Tex. App.—Tyler 2010, no pet. h.)....................................7

*Lyons v. Lindsey Morden Claims Management, Inc.*,
   985 S.W.2d 86 (Tex. App.—El Paso 1998, no pet. h.) ...............................10

*State Farm Fire & Casualty Co. v. S.S.*,
  858 S.W.2d 374 (Tex.1993) .......................................................................11


**Rules**

TEX. R. CIV. P. 48 .............................................................................................10

## SUMMARY OF THE ARGUMENT

Appellee sought a declaratory judgment on a number of claims, including the claim that the roads in the Oaks of Trinity subdivision were "Common Areas" under the subdivision restrictions and as such were reserved for the exclusive use of its members. (CR 435- 436) In its order granting summary judgment the trial court specified the reasons and basis for summary judgment, which did not include the declaratory judgment action concerning the Common Areas Claim.

Since the declaratory judgment claim that the Common Areas included the roads was not disposed of by summary judgment, but severed into a separate action, this Court lacks appellate jurisdiction to consider Appellee's Cross Point No. 1.

The summary judgment with respect to the 2005 deed should be reversed because Appellee did not meet its burden of proof to maintain the summary judgment. By rendering a summary judgment that the 2005 deed *did not reserve* an easement the trial court adjudicated the mutual mistake defense, which if successful, would result in a 2005 deed that *did reserve* an easement. Appellants are entitled to a trial on the mutual mistake defense because a fact issue was raised on that issue.

The sufficiency of the legal description in the 2005 deed was not addressed by the trial court nor by Appellee. Specifically Appellee made no attempt to

1

substantively address the effect of the failure of the 2005 deed to have a beginning point that exists on the ground. Because the beginning point of the land to be conveyed in the 2005 deed was non-existent the 2005 deed failed for lack of a sufficient identification and the summary judgment should be reversed and judgment rendered that the 2005 deed was void for lack of a sufficient legal description.

## **ARGUMENT**

### A. <u>Reply Issue #1 Restated</u>

**<u>REPLY ISSUE NO. 1</u>**: (Reply to Appellee's Cross Point No. 1) APPELLEE'S CROSS POINT NO. 1 SHOULD BE DENIED BECAUSE THIS COURT DOES NOT HAVE APPELLATE JURISDICTION TO HEAR THE APPELLEE'S CAUSE OF ACTON FOR DECLARATORY JUDGMENT CLAIM THAT THE SUBDIVISION ROADS ARE "COMMON AREAS" UNDER THE RESTRICTIONS SINCE SUCH CAUSE OF ACTION WAS SEVERED INTO A SEPARATE ACTION AND NO FINAL JUDGMENT HAS BEEN RENDERED IN SUCH SEVERED ACTION.

On February 13, 2014 Appellee filed its Plaintiff's Fourth Amended Petition, Request for Declaratory Judgment and Application for Permanent Injunction. (CR 432). In such pleading declaratory judgment was sought as follows: (i) that the 2008 Correction Quitclaim Deed was void and unenforceable; (ii) that the roads were "Common Areas" for the exclusive use of members; (iii) that Defendants do not have a valid easement; and (iv) that Auroras, LLP does not have a valid easement. (CR 435-436).

On May 15, 2014 the trial court signed an Order Granting Final Summary

2

Declaratory Judgment declaring as follows: (CR 853-854)

- That the 2005 deed did "not reserve an easement for ingress and egress through the roads in Oaks of Trinity, Section 1;"

- That the 2008 Correction Deed did "not reserve an easement for ingress and egress through the roads in Oaks of Trinity, Section 1;"

- That "roads located in the Oaks of Trinity, Section 1, are solely owned by Oaks of Trinity Homeowners' Association, Inc."

- That "the Defendants do not have authority to grant an easement, access or otherwise, for the use of such roads to any third party;" and

- "That any easement for access to the Oaks of Trinity roads claimed by Defendants, or by Intervenor, AURORAS, LLP is void and unenforceable."

The Order Granting Final Summary Declaratory Judgment also provided that "[*a*]*s the remaining causes of action have been severed* this judgment is final and disposes of all parties and all claims and is appealable." (Emphasis added)

On May 15, 2014 the trial court signed an Order For Severance of Actions. (CR 849). The severance order provided that the declaratory actions of the parties "relating to the existence or non-existence of an easement in favor of Defendants and/or Intervenor for access, ingress and egress to the roads located in Oaks of Trinity, Section One (1)" were severed and made final by the Final Judgment. Thus, all other actions, including the action by Appellee for a declaratory judgment to construe the roads as "Common Areas" remained, and were "stayed pending

3

outcome of appeal of severed action." (CR 849)

The "Common Areas" argument made by Appellee (and reserved for further action pending this appeal) was not dependent upon the existence or non-existence of an easement for ingress or egress in favor of Appellants. Rather, it deal solely with the question of whether the roads were "Common Areas" that were for the exclusive use of the members. Not only do the severance and summary judgment orders make this clear, but the trial court stated the following when ruling: "I'm not finding that the streets are common areas. I don't think there's a necessity for that at this point." [CR 835].

Once all other actions were severed there arose two separate lawsuits. "A severance divides the lawsuit into two or more separate and independent causes", *Hall v. City of Austin*, 450 S.W.2d 836 (Tex. 1970), "each of which terminates in a separate, final and enforceable judgment", *Duncan v. Calhoun County Navigation Dist.*, 28 S.W.3d 707, 710 (Tex.App.—Corpus Christi 2000, pet. denied).

Aside from certain interlocutory orders, not relevant here, "[t]he longstanding rule in Texas is that appeals are allowed only from final orders or judgments." *Duncan,* 28 S.W.3d at 710. Appellee is relying on a judgment in the instant case to dispose of an issue in the case that remains on the trial court's docket. Because there is no final judgment in the action in which the "Common Area" claim is pending this Court should not address Appellee's Cross Point. In

the alternative, for the reasons set forth in Appellant's Brief at page 23-31 thereof, Common Areas do not include roads.

## B. Reply Issue #2 Restated

**<u>REPLY ISSUE NO. 2</u>**: (Reply to Appellee's Reply Point #1) THE SUMMARY JUDGMENT CANNOT BE AFFIRMED BECAUSE APPELLEE FAILED TO MEET ITS BURDEN OF PROOF TO DEMONSTRATE THERE WAS NO FACT ISSUE ON APPELLANTS' AFFIRMATIVE DEFENSE OF MUTUAL MISTAKE OR SCRIVENER'S ERROR WITH RESPECT TO THE 2005 DEED.

Appellee contends that the summary judgment should be affirmed because Appellants' reformation action was "effectively" severed and can be prosecuted in the future. The first ground expressed by the trial court in its summary judgment order was that the 2005 deed did not reserve an easement for ingress and egress through the roads in Oaks of Trinity, Section 1. There is no dispute that the form of the 2005 deed that was actually filed for record did not reserve an ingress and egress easement. In their response to Appellee's motion for partial summary judgment Appellants raised the affirmative defense of mutual mistake and/or scrivener's error as to the 2005 deed that was filed for record, (CR 803-804) and supported such defense by competent summary judgment evidence. (CR 732-758, 769-792).

The question raised is not what the recorded 2005 deed says, but rather what the parties intended and whether the 2005 deed should be reformed to conform to those intentions.

The issue is whether Appellee met its burden of proof on its claim that the 2005 deed did not reserve an easement. A plaintiff's burden of proof with respect to affirmative defenses in the summary judgment context was address by this Court in *Bauer v. Jasso*, 946 S.W.2d 552 (Tex.App.—Corpus Christi 1997, no writ).

In *Bauer* Jasso sued Bauer for trespass. The trial court granted Jasso's motion for summary judgment. Bauer asserted the affirmative defense of title by deed and adverse possession. On the movant's burden in a summary judgment case involving affirmative defenses this Court stated the following:

> The crux of Bauer's point of error is that the trial court erred in granting summary judgment because Jasso did not establish *556 his entitlement to summary judgment with respect to Bauer's affirmative defense of adverse possession. Bauer complains the trial court impermissibly shifted the burden of proof to him to establish his affirmative defense instead of requiring Jasso to prove all the elements of his cause of action as a matter of law. We agree.

*Bauer*, at p. 555-556.

In *Bauer* this Court reversed the summary judgment and remanded the case.

The instant case presents an even more compelling situation for reversal because Appellee admits in its brief to not even addressing the affirmative defense of mutual mistake and/or scrivener's error.

Appellee attempts to justify its failure to address this affirmative defense by asserting that the reformation action and defense based on mutual mistake was "effectively" severed. Appellee Brief at p. 23. Appellee contends that the

6

summary judgment order does not dispose of Appellants' reformation action, grounded in the affirmative defense of mutual mistake and/or scrivener's error.

"A party is entitled to reformation of a deed when it proves that it reached an agreement with the other party but the deed does not reflect the true agreement due to a mutual mistake." *Gail v. Berry*, 343 S.W.3d 520 (Tex.App.—Eastland 2011, pet. denied). "The underlying objective of reformation is to correct a mutual mistake made in preparing a written instrument, so that the instrument truly reflects the original agreement of the parties." *Simpson v. Curtis*, 351 S.W.3d 374 (Tex.App.—Tyler 2010 no pet. h.) By rendering a summary judgment that the 2005 deed *did not reserve* an easement the trial court adjudicated the mutual mistake defense, which if successful, would result in a 2005 deed that *did reserve* an easement. Appellants are entitled to a trial on the mutual mistake defense.

The summary judgment order makes it clear that its purpose was to render a judgment that the 2005 deed did not reserve any easement. Yet, neither Appellee's motion, nor its brief in this court, address the mutual mistake defense, except to say that it was severed out to be decided another day. If upon a trial it was found that the 2005 deed that was recorded was the product of a mutual mistake and/or scrivener's error the 2005 deed, as reformed, would reserve an easement. Under those circumstances, the summary judgment order to the extent of the relief set forth in paragraphs 1.a., 1.d. and 1.e. would be contrary to a reformed deed. If the

7

summary judgment is affirmed and becomes final, the question arises: how would any effort to reverse it in a different case be possible? There would not be any basis to attack the validity of the 2005 deed – and all this would result from a motion for summary judgment that never addressed the affirmative defense of mutual mistake and/or scrivener's error and where Appellee admits that it did not substantively addressing this affirmative defense in this appeal.

## C. Reply Issue #3 Restated

**REPLY ISSUE NO. 3**:  (Reply to Appellee's Reply Point # 5) APPELLEE HAS NOT SUBSTANTIVELY RESPONDED TO APPELLANTS' ISSUE NO. 4 CONCERNING A FAILURE OF THE 2005 DEED TO SUFFICIENTLY DESCRIBE THE LAND PURPORTED TO BE CONVEYED.

The issue raised by Appellants' Issue No. 4 in its Brief was whether the following legal description was sufficient to identify the property purportedly conveyed with reasonably certainty:

> Property including any improvements: Those roads, streets, and medians within the subdivision beginning at FM 1008 to intersection with Private Road 6350 (Sweetwood Ct) in "Section 1, Oaks of Trinity, Liberty County, Texas.

[CR 530]

This issue is one of contract (deed) construction.  If the legal description in the 2005 deed was legally sufficient, then the roads were conveyed to Appellee[1].  If the legal description was not sufficient then the 2005 deed was void and no roads

---

[1] However, if the 2005 deed description is found to be legally sufficient, a fact issue was raised as to whether a mutual mistake occurred sufficient to reform that deed by the inclusion of an easement.

8

were conveyed to Appellee.

In its Reply Point 5 Appellee observes that Appellant, for the first time asserted the legal description issue, as an alternative defense or claim, in its Third Amended Counterclaim, which was filed March 25, 2014. It is worth noting that no limitations claim was asserted against the alternative legal description claim.

Appellee mentions that there are three recorded instruments whereby Appellants have expressed a conveyance of the ownership of the roads to Appellee. Appellee then states that in "every single pleading and affidavit filed by Appellants in this case references" Appellee's ownership of the roads. This anecdotal observation seems a bit odd given that in Appellee's Original Petition, First Amended Petition, Second Amended Petition and its Third Original Petition, there was attached a copy of the 2005 deed that had a reservation of an easement, as the deed that was executed by the Association, contrary to Appellee's present contention.

In their pleadings Appellants claimed that the 2005 deed with the easement was executed by Appellee, a claim consistent with Appellee's acknowledgement (up to its Fourth Amended Petition) that such deed with easement was executed by it in 2005. Appellants raised the legal description sufficiency defense after the February 13, 2014 filing by Appellee of its Fourth Amended Petition, which for the first time alleged that the 2005 deed did not reserve an easement. It was proper for

9

Appellants, in response, to plead an alternative claim that the legal description was insufficient to support a conveyance. TEX. R. CIV. P. 48. Inconsistencies between alternative claims or defenses do not operate as judicial admissions. *Lyons v. Lindsey Morden Claims Management, Inc.* 985 S.W.2d 86 (Tex.App.—El Paso 1998, no pet. h.)

Appellee contends that while a disputed 'fact' issue of fact may be raised as to the "alleged existence of an intersection" no 'fact' issue is raised as to the ownership of the roads by Appellee. Appellee has it wrong – the question of the legal sufficiency of a deed is not a fact question, but a legal one for the court. Appellants' Issue No. 4 certainly raised that legal construction issue.

Appellee asserts that the legal description in the 2005 deed conveyed the "roads, streets and medians within the subdivision . . ." As pointed out by Appellants at page 32 of its Brief, the description did not convey "all private streets and roads in the Subdivision." In the deed the description of the roads to be conveyed were those "beginning at FM 1008 to intersection with . . . Sweetwood Ct.", a point that does not exist. Contrary to Appellee's assertion there is no fact issue as to the non-intersection of FM 1008 and Sweetwood Ct. – that is demonstrated simply looking at the very plat that Appellee relies on. Appellee made no attempt to substantively address the effect of the failure of the 2005 to have a beginning point that does not exist on the ground.

10

Finally, Appellee makes a somewhat confusing argument at the end of its Reply Point 5 that since the summary judgment was granted on general and non-specific grounds the summary judgment may be affirmed on appeal if any of the theories advanced are meritorious. Appellee does not explain how this answers the legal description issue. Moreover, Appellee does not identify the other 'theories' that supposedly will support the summary judgment. Somewhat surprisingly, Appellee ends by citing *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374 (Tex. 1993). *State Farm Fire & Casualty Co.* does not in any way support Appellee because in that case the Texas Supreme Court reaffirmed the rule that where a summary judgment specifies the grounds upon which it is based, only those grounds will support a summary judgment. Clearly, this is a case where the summary judgment contained the specific grounds upon which it was based, which were bolstered and consistent with the oral ruling made by the trial court.

## **PRAYER**

Appellants 301 White Oak Ranch, Ltd., John D. Manning d/b/a JM Properties and Auroras, LLP, pray that the trial court's Final Judgment be reversed and remanded for trial.

Respectfully submitted,

LAW OFFICES OF CHARLES E. FITCH, P.C.
BY: _/s/Charles E. Fitch_____
CHARLES E. FITCH
State Bar No.: 07072000
11 Greenway Plaza, Suite 2820
Houston, TX 77046
Phone: (713) 961-1200
Fax: (713) 622-6107
Email: cfitch@fitchlaw.com

**ATTORNEY FOR APPELLANTS, 301 WHITE OAK RANCH, LTD. AND JOHN D. MANNING d/b/a JM PROPERTIES AND INTERVENOR AURORAS, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2015, a true and correct copy of the foregoing instrument was served upon Appellee or its counsel of record via electronic filing, facsimile and/or certified mail, return receipt requested, and to court personnel via electronic filing.

| | |
|---|---|
| Trisha Taylor Farine<br>Daughtry & Jordan, P.C.<br>17044 El Camino Real<br>Houston, Texas 77058 | *Via electronic filing and/or facsimile 281-218-9151* |
| Peter C. Blomquist<br>Shannon, Gracey, Ratliff & Miller, LLP<br>1301 McKinney St., Suite 2900<br>Houston, Texas 77010 | *Via electronic filing and/or facsimile 713-655-1597* |
| Stan Nix, Pro Se<br>2607 Cardinal Lane<br>Humble, Texas 77396 | *Via electronic filing and/or facsimile 281-540-8032* |

_/s/ Charles E. Fitch___
Charles E. Fitch

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Reply Brief contains 3,228 words.

*/s/ Charles E. Fitch*
Charles E. Fitch
