The RYLAND GROUP, INC. & Ryland
Mortgage, Relators,

v.

The Honorable Frank O. WHITE,
Judge of the 295th District Court
of Harris County, Respondent.

No. 01–85–01022–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 1986.

Byron Lee Coats, Yale, Holm, Horrigan & Lee, Houston, for relators.

Marty R. Akins, Akins & Pettiette, Houston, for respondent.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

HOYT, Justice.

Relators, The Ryland Group, Inc. and Ryland Mortgage Company, seek relief by writ of mandamus from various pretrial orders that sever numerous plaintiffs and all third-party defendants from the primary suit.

## BACKGROUND

The plaintiffs (176 resident households of the Southbend Subdivision representing over 300 individuals), brought suit against nine defendants (Relators) contending that they had sustained bodily injuries and property damages because the homes that they had purchased were constructed adjacent to a hazardous waste site. The lawsuit alleged causes of action for breach of implied and express warranties, violations of section 27.01 of the Business and Commerce Code, common law fraud, common law negligence, and violations of the Deceptive Trade Practice Act.

After granting a temporary injunction, the respondent trial judge entered orders on May 13, May 22, and June 12, 1985, severing various parties from the primary suit. The May 13 order severed plaintiffs' property claims from their personal injury claims. That order was amended on May 22nd to preferentially set the plaintiffs' property damage claims under the Deceptive Trade Practices Act. Finally, on June 12th the trial court severed all third-party causes of action and ordered a separate trial of them.

## JURISDICTION

We have jurisdiction to hear this petition for writ of mandamus pursuant to Tex. Const. art. V, sec. 6; and Tex.R.Civ.P. 383 and 385b(e).

## CONTENTIONS AND AUTHORITY

Relators contend that a writ of mandamus is proper because the effect of the respondent's orders is to sever a single cause of action. Moreover, they argue, judicial economy dictates that the 176 plaintiffs' claims not be tried in 12 to 15 separate lawsuits.

■ "For a severance to be proper, the following elements are necessary: (1) the controversy must involve more than one cause of action, (2) the severed cause must be one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed causes must not be so intertwined as to involve the same identical facts and issues." *Straughan v. Houston Citizens Bank & Trust Co.*, 580 S.W.2d 29, 33 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Broad discretion is given to the trial court to determine joinder of parties and severances, and a trial court's ruling will not be disturbed absent a showing of an abuse of discretion. *Squires v. Squires*, 673 S.W.2d 681, 684 (Tex.App.—Corpus Christi 1984, no writ). Severance is appropriate if the controversy involves two or more distinct causes of action, *Duke v. Merkin*, 599 S.W.2d 877 (Tex.Civ.App.—El Paso 1980, no writ); however, an order that splits a single cause of action, or that severs compulsory counterclaims from the primary suit, will constitute an abuse of discretion. *See Nueces County Hospital District v. Texas Health Facilities Commission*, 576 S.W.2d 908 (Tex.Civ.App.—Austin 1979, no writ).

■ When relief is sought by way of a writ of mandamus, the relator must show either that the action of the trial judge is an abuse of discretion or that his action violates a clear duty under the law, and there is no adequate remedy by way of an

appeal. *Stakes v. Rogers*, 139 Tex. 650, 651–52, 165 S.W.2d 81, 82 (1942).

## ORDERS SEVERING CLAIMS AND PARTIES

■ Respondent's order of May 13, 1985, states in pertinent part:

ORDERED that Plaintiffs' claims for property damages arising from the purchase of homes made subject of this suit shall be severed from any and all claims such Plaintiffs may have against any named Defendants for personal injuries from exposure to dangerous chemicals, if any. It is further

ORDERED that the clerk is to designate the claim for property damage referred to herein as Cause No. 84–75865, JOSEPH EDWARD POWELL, ET AL VS. PULTE HOME CORPORATION, ET AL and designate Cause No. 84–75865A, JOSEPH EDWARD POWELL ET AL. VS. PULTE HOME CORPORATION, ET AL as the claim for personal injuries.

Plaintiffs' third amended petition alleges:

The Plaintiffs purchased their homes on the representations by these Defendants that their homes were safe and suitable for living and posed no health hazard to either them or their family. As a direct result of these Defendant's (sic) intentional fraud, deceptive trade practices, negligence and misrepresentation, your Plaintiffs have suffered damages and injuries both personal injury and [to] realty. (Plaintiffs' Third Amended Original Petition, p. 19).

These pleadings clearly illustrate that the alleged personal injury and property claims arose from a single wrongful act and should not be severed.

In light of these findings, we hold that the order entered by the respondent on May 13, 1985, severing personal injury claims from property claims, was improper and therefore an abuse of discretion. Because we hold that the respondent abused his discretion in the May 13th order, the amended order of May 22nd in furtherance of the May 13th order, also constituted an abuse of discretion.

Relators next complain about the respondent's June 12th order that severed all third-party causes of action from the primary suit and ordered them tried separately. They contend that former Tex.Rev.Civ. Stat.Ann. art. 2212a, sec. 2(g) regarding contribution claims, is mandatory and that a writ of mandamus is proper to correct a violation of an express statute.

Respondent and (Plaintiffs) the real parties adversely interested contend that art. 2212a is inapplicable because it applies to actions based only on negligence, citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984).

Former article 2212a sec. 2(g) provided:

All claims for contribution between named defendants in the primary suit *shall* be determined in the primary suit except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant.

Tex.Rev.Civ.Stat.Ann. article 2212a, sec. 2(g) (Vernon Supp.1985) (Emphasis supplied.)

Both this Court and the supreme court have held that in suits alleging negligence as a basis for recovery, the contribution claims must be brought in the primary suit. *Arthur Brothers, Inc. v. U.M.C., Inc.*, 647 S.W.2d 244, 245 (Tex.1982); *Beech Aircraft Corp. v. Jinkins*, 698 S.W.2d 722, 726 (Tex. App.—Houston [1st Dist.] 1985, writ pending).

■ The record, including the plaintiffs' pleadings, reflects that negligence is alleged as an alternate basis of relief in both the bodily injury and the property claims. Whether this theory of recovery is submitted to the jury can be determined only after the evidence is closed. Therefore, we hold that when negligence is alleged, and the defendant asserts that parties not joined in the primary suit are also liable, the defendant must be permitted to join those parties under Tex.Civ.Prac. & Rem. Code Ann. sec. 33.017 (Vernon Supp.1986) (formerly) art. 2212a sec. 2(g). *See Beech Aircraft Corp.*, 698 S.W.2d at 726. This

result is consistent with *Duncan.* There the supreme court stated that art. 2212a will "[c]ontinue to govern cases in which the plaintiff alleges only negligence *or where the plaintiff fails to obtain findings of defect....*" *Duncan* 665 S.W.2d at 429 (emphasis supplied). *Duncan* does not exclude an art. 2212a submission but rather includes it; so that, failing to secure a finding on product defect, the jury is not barred from making a finding on negligence.

In the case at bar, it would be inconsistent with *Duncan* and the spirit of the supreme court's holding therein to hold that a defendant must wait until a case has been submitted before he knows whether he should have requested findings under art. 2212a.

■ We find that in entering the orders of May 13th and May 22, 1985, the respondent divided single causes of action into multiple claims. We further find that the June 12, 1985, order violates the relators' right to have the liability of all original and third-party defendants determined in the primary suit. These findings do not prevent the respondent from setting as many or as few cases for trial as he deems appropriate, so long as the cause of action is not divided in those cases where both bodily injury and property damages are alleged, and all third-party defendants are included in each case where negligence is alleged.

### RELIEF SOUGHT ON DISCOVERY

Finally, relators contends that respondent should be compelled to comply with the Texas Rules of Civil Procedure regarding discovery. In this regard, respondent should be compelled, prior to setting this case for trial, to set a pretrial conference, to allow additional discovery, and to grant relators leave to file their third-party actions against various governmental entities.

■ The trial court in its discretion may direct attorneys to appear before it for a pretrial conference. Tex.R.Civ.P. 166. Likewise, the time, manner, and extent to which a witness is questioned, and whether that person should be deposed, rests in the sound discretion of the trial court. *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959). The record before us does not reflect that the respondent has abused his discretion in this regard. Whether various governmental entities are necessary parties to a complete disposition of the entire case cannot be determined from the record before us; therefore, we refuse to entertain this contention.

The application for writ of mandamus is conditionally granted subject to the respondent proceeding in accordance with the law as set forth herein; but if respondent fails to so proceed, the clerk will issue the necessary writ to insure that this opinion is effective.

The motion of Farm & Home Savings Association to join as a relator is denied.