Sam MARSHALL, Relator,

v.

**The Honorable Ed J. HARRIS, District Judge, 10th District Court, Galveston County, Texas, Respondent.**

No. 01–88–01152–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 18, 1989.

Larry D. Thompson, Lorance & Thompson, Houston, for relator.

Ross Citti, Mills, Shirley, Eckel & Bassett, Galveston, for respondent.

Before WARREN, DUNN and HUGHES, JJ.

## OPINION

PER CURIAM.

The relator, Sam Marshall, seeks relief from the respondent's order denying his motion to sever his claim from those of Action Machine Shop in *Action Machine Shop, Inc., et al. v. Mori Seiki Ltd.*, No. 121,251–A. Respondent granted an interlocutory summary judgment against relator and Action Machine Shop, Inc.

A review of the facts is necessary. Relator founded and owns the controlling shares of Action Machine Shop, Inc. ("Action"). In 1979, Action leased from Tri–Continental Leasing Corporation ("Tri–Continental") a lathe manufactured by the real parties in interest, Mori Seiki Ltd. ("Mori"). Relator guaranteed payments under the lease. The lathe was supposed to increase Action's productivity. According to relator, the lathe never worked properly and reduced Action's productivity to the extent that it could not make payments to Tri–Continental under the lease. Tri–Continental filed suit against Action and relator seeking payment under the lease, and Action and relator filed a counterclaim against Tri–Continental and a third party action against Mori alleging violation of the Deceptive Trade Practices Act ("DTPA"), Tex.Bus. & Com.Code Ann. §§ 17.01–17.826 (Vernon 1987), negligence, breach of contract, and fraud.

The third party action against Mori was eventually severed from Tri–Continental's claim and the counterclaims. Mori then filed a motion for summary judgment alleg-

ing that relator had no standing to sue and that the causes of action for violation of the DTPA, negligence, and breach of contract asserted by relator and Action were barred by limitations. The respondent granted the motion and stated in the judgment that Mori was entitled to summary judgment on all causes of action asserted by relator and on Action's DTPA, negligence, and breach of contract causes of action. Relator then filed a motion to sever his claims from those of Action, which the respondent denied.

Relator contends that the respondent clearly abused his discretion in denying his motion to sever. Citing the six-year pendency of this litigation, he claims that this denial is "extremely prejudicial and harmful to him" because, without severance, the summary judgment is not final, and the prosecution of his appeal will be delayed until any remaining claims in the case are resolved, thereby making the judgment final and appealable. *Pierce v. Reynolds*, 160 Tex. 198, 200, 329 S.W.2d 76, 77 (1959).

Mandamus issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). In *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238, 241–42 (Tex.1985), the supreme court stated that

> [t]he test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles.... Another way of stating the test is whether the act was arbitrary or unreasonable.... The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.

Tex.R.Civ.P. 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." The trial court is vested with broad discretion in determining whether a severance should be granted. *Ryland Group, Inc. v. White*, 723 S.W.2d 160 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding).

Relator cites no authority, and we have found none, that forecloses the trial court's discretion, and requires it to sever an interlocutory summary judgment from claims that are unresolved so that an appeal may be expedited. Nor are we aware of any authority that holds that a trial court abuses its discretion by its denial of a motion to sever claims resolved by an interlocutory summary judgment that delays the movant's appeal. Further, we note that ordinary delay encountered by a litigant during the prosecution of his cause of action and caused by the operation of procedural rules does not justify intervention by appellate courts through the extraordinary writ of mandamus. *Iley v. Hughes*, 158 Tex. 362, 368, 311 S.W.2d 648, 652 (1958). "Interference is justified only when parties stand to lose their substantial rights." *Id.* Relator stands to lose no substantial right nor was respondent's denial of the motion for severance arbitrary or unreasonable.

Relator has not demonstrated that he is entitled to mandamus relief.

Relator's motion for leave to file petition for writ of mandamus is overruled.