**Rena M. GOINS, Individually, as Administratrix of the Estate of Louis Clinton Goins, Deceased, and as Administratrix of the Estate of Donald Louis Goins, Deceased, Appellant,**

v.

**LEAGUE BANK AND TRUST, Appellee.**

No. 01–92–00602–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 20, 1993.

Rehearing Denied July 8, 1993.

Kenneth C. Kaye, League City, for appellant.

Charles M. Jordan, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from the probate court's: (1) granting of summary judgment for the League City Bank and Trust (the Bank), appellee, on its claim against Rena M. Goins, administratrix of the estate of Louis Goins, deceased, appellant, on a promissory note; (2) severing from the summary judgment the counterclaim filed by Goins against Dean Starnes, an officer of the Bank, and the Bank as employer of Starnes; and (3) finalizing the summary judgment. We affirm.

After filing an authenticated claim to which Goins, as administratrix of her husband's estate, did not respond, the Bank filed its original petition against Goins in her individual capacity. In response, Goins filed a counterclaim against the Bank and thereafter amended her counterclaim and brought in, as a party, one of the Bank's officers as a third-party defendant.

Later, the Bank moved for summary judgment to which Goins responded. At the hearing on the motion, the trial court granted the Bank's summary judgment (which, after reconsideration, the trial court amended). The trial court, at the same time as it first granted the Bank's motion for summary judgment, *sua sponte* severed the Bank's action on the promissory note from Goins' counterclaim against the Bank and its officer. Goins filed a motion for reconsideration, which was denied.

Goins first alleges that the trial court erred in granting *sua sponte* a severance

of her counterclaim from the Bank's claim against her.

Rule 41 of the Texas Rules of Civil Procedure vest the trial court with broad discretion to sever and order separate trials of causes of action. *Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). The trial court's discretion is not unlimited, however. *Id.* Thus, the trial court's decision to sever a claim is reversible error if the trial court abused its discretion. *Horseshoe Operating Co.*, 793 S.W.2d at 658.

■■■ An order that severs a compulsory counterclaim from the main suit, however, is an abuse of discretion. *Ryland Group, Inc. v. White*, 723 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding). To be compulsory, a counterclaim must: (1) be within the jurisdiction of the court; (2) not be the subject of a pending action at the time of filing the answer; (3) be mature and owned by the pleader at the time of filing the answer; (4) arise out of the transaction or occurrence that is the subject matter of the primary claim; (5) be against the opposing party in the same capacity in which that party brought suit; and (6) not require the presence of third parties over whom the court cannot acquire jurisdiction for the claim's adjudication. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988); *see* TEX.R.CIV.P. 97(a), (d).

■■ The Bank, as a secured creditor, brought suit against Goins, as administratrix of her husband's estate, to establish its claim on a promissory note executed by Goins and her (late) husband and secured by a deed of trust lien on certain real property. Goins filed her counterclaim against both the Bank's officer and the Bank *as his employer*, not as a secured creditor, but as a tortfeasor. Thus, Goins' counterclaim was not against the Bank in the same capacity in which the Bank had brought suit against Goins.

Furthermore, Goins' counterclaim was filed in response to circumstances involving the alleged tortious interference with the prospective sale of the property in question,[1] *not* in response to the Bank's claim on the promissory note. In fact, Goins does not dispute the Bank's claim or that it was a secured claim. Thus, Goins' counterclaim does not arise out of the same transaction that is the subject matter of the Bank's original claim. The trial court did not abuse its discretion in severing Goins' counterclaim. *See Horseshoe Operating Co.*, 793 S.W.2d at 658.

Goins' first point of error is overruled.

Goins also asserts that the trial court erred in granting summary judgment relief to the Bank, which had not been requested in the Bank's motion for summary judgment.

Goins' objection goes to that portion of the judgment which states:

It is further, ordered, that this claim hereinabove reduced to judgment be classified upon the claims docket of this court as a matured, secured claim and said claim is fixed as a preferred debt and lien against such specific property described in the claim pursuant to Section 306(a)(2) of the Texas Probate Code....

Section 306 deals with the method of handling secured claims:

(a) Specifications of claim. When a secured claim against an estate is presented, the claimant shall specify therein, in addition to all other matters required to be specified in claims:

(1) Whether it is desired to have the claim allowed and approved as a matured secured claim to be paid in due course of administration, in which event it shall be so paid if allowed and approved; or

(2) Whether it is desired to have the claim allowed, approved, and fixed as a preferred indebtedness and lien against

---

**1.** First amended original counterclaim alleged intentional infliction of emotional distress and false and wrongful statements under TEX.CIV. PRAC. & REM.CODE ANN. § 41.001 (Vernon Supp. 1993).

the specific property securing the indebtedness and paid according to the terms of the contract which secured the lien, in which event it shall be so allowed and approved if it is a valid lien.... TEX.PROB.CODE ANN. art. 306(a)(2) (Vernon 1980).

The secured creditor must make an affirmative election within six months following the original grant of letters. TEX.PROB. CODE ANN. art. 298(a) (Vernon 1980).

 In this case, the Bank in its original petition elected that the "judgment be entered upon the claims docket of the court as a *matured, secured claim* for classification and further handling as if originally allowed and approved in due course of administration...." (Emphasis added.) The election was done timely. *See Cessna Fin. Corp. v. Morrison*, 667 S.W.2d 580, 583 (Tex.App.—Houston [1st Dist.] 1984, no writ). Thus, we find the record affirmatively reflects an election by the Bank to proceed under section 306(a)(2), regarding its secured claim.

Goins argues that "[t]he grounds for summary judgment must be specifically stated in the motion." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166–A(c). Although we agree with Goins' case authority, we find it inapplicable to the circumstances of this case. The mandatory classification of the debt is not an additional ground of recovery. In the present case, the Bank's motion for summary judgment is unambiguous in establishing the issue as a claim of default on a promissory note, and the classification is automatic.

The Bank established its claim against the estate for the promissory note by presenting evidence of the promissory note, the deed of trust, a letter notifying Goins of the Bank's intent to accelerate and foreclose upon the note, and an unanswered memorandum of allowance accompanied by an authenticated claim. Goins did not present any controverting evidence. The Bank is not required to ask for specific relief in order for the court to render its judgment. Since the trial court determined that the Bank had a valid claim against the estate under the promissory note, the "matured, secured claim" is the mandatory relief required by the Bank's election.

Goins' second point of error is overruled.

The judgment is affirmed.