TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00661-CV






In re City of Austin Police Department, Relator







ORIGINAL PROCEEDING FROM TRAVIS COUNTY







PER CURIAM

 In this original proceeding, relator City of Austin Police Department (the "City")
seeks a writ of mandamus directing Judge Grainger McIhany, visiting judge assigned to the 353rd
District Court, Travis County, Texas, to vacate his order on bifurcation signed December 4, 1998. 
We conditionally grant the City's petition for writ of mandamus.

 The underlying proceeding involves claims of age discrimination brought by
eighteen individual plaintiffs against the City. Following a hearing on December 4, 1998, the trial
court granted plaintiffs' motion to bifurcate trial, ordering that the issue whether the City
discriminated against plaintiffs on the basis of their ages be tried independently of the issue of
damages, and that the issue of damages be tried to the same jury.

 Mandamus will issue only if a court has clearly abused its discretion and the
aggrieved party has no adequate remedy by appeal. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). Mandamus relief is appropriate when the trial court improperly severs a single
cause of action. See Ryland Group, Inc. v. White, 723 S.W.2d 160, 161 (Tex. App.--Houston
[1st Dist.] 1986, orig. proceeding). Rule 174(b) of the Texas Rules of Civil Procedure vests the
trial court with broad discretion to sever and order separate trials of causes of action. See
Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990);
Marshall v. Harris, 764 S.W.2d 34, 35 (Tex. App.--Houston [1st Dist.] 1989, no writ). 
However, the trial court's discretion is not unlimited. Womack v. Berry, 291 S.W.2d 677, 683
(Tex. 1956). To find an abuse of discretion, we must conclude that the facts and circumstances
of this case extinguish any discretion in the matter. Id. at 683.

 Texas courts have followed a "long standing policy and practice" against
"piecemeal trials." Iley v. Hughes, 311 S.W.2d 648, 651 (Tex. 1958); see also Transportation
Ins. Co. v. Moriel, 879 S.W.2d 10, 30 n.29 (Tex. 1995). In Iley, the Texas Supreme Court held
that despite the trial court's broad discretion to order separate trials, rule 174(b) "does not
authorize separate trials of liability and damage issues in personal injury litigation." Id. Texas
courts recognize only two exceptions. First, the Texas Supreme Court has held that punitive
damages may be bifurcated from liability and actual damages. Moriel, 879 S.W.2d at 30. 
Second, this Court has held that liability and damage issues may be bifurcated in class action suits. 
Ford Motor Co. v. Sheldon, 965 S.W.2d 65, 68 (Tex. App.--Austin 1998, pet. granted). Neither
exception applies in this case. Accordingly, we conclude the trial court abused its discretion in
granting plaintiffs' motion to bifurcate trial. (1)

 We conditionally grant the petition for writ of mandamus. We are confident the
trial court will vacate its order on bifurcation, and the writ will issue only on its failure to do so.



Before Chief Justice Aboussie, Justices Jones and Kidd

Mandamus Conditionally Granted

Filed: January 14, 1999

Do Not Publish
1. Plaintiffs contend that the Texas Supreme Court's holding in Iley is limited to personal injury
cases arising out of Texas common law because it predates the Texas legislature's adoption of the
Texas Commission on Human Rights Act ("TCHRA"), the enabling statute for enforcement of
anti-discrimination laws in Texas. They argue that due to the fact that the purpose of the TCHRA
is to promote federal civil rights policy, Texas courts should look to more flexible federal
precedent in determining whether bifurcation is appropriate. The Texas Supreme Court, however,
has not recognized an exception to the Iley rule in anti-discrimination cases. Accordingly, we
decline to address plaintiffs' argument.



ALINK="#ff0000" BGCOLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00661-CV






In re City of Austin Police Department, Relator







ORIGINAL PROCEEDING FROM TRAVIS COUNTY







PER CURIAM

 In this original proceeding, relator City of Austin Police Department (the "City")
seeks a writ of mandamus directing Judge Grainger McIhany, visiting judge assigned to the 353rd
District Court, Travis County, Texas, to vacate his order on bifurcation signed December 4, 1998. 
We conditionally grant the City's petition for writ of mandamus.

 The underlying proceeding involves claims of age discrimination brought by
eighteen individual plaintiffs against the City. Following a hearing on December 4, 1998, the trial
court granted plaintiffs' motion to bifurcate trial, ordering that the issue whether the City
discriminated against plaintiffs on the basis of their ages be tried independently of the issue of
damages, and that the issue of damages be tried to the same jury.

 Mandamus will issue only if a court has clearly abused its discretion and the
aggrieved party has no adequate remedy by appeal. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). Mandamus relief is appropriate when the trial court improperly severs a single
cause of action. See Ryland Group, Inc. v. White, 723 S.W.2d 160, 161 (Tex. App.--Houston
[1st Dist.] 1986, orig. proceeding). Rule 174(b) of the Texas Rules of Civil Procedure vests the
trial court with broad discretion to sever and order separate trials of causes of action. See
Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990);
Marshall v. Harris, 764 S.W.2d 34, 35 (Tex. App.--Houston [1st Dist.] 1989, no writ). 
However, the trial court's discretion is not unlimited. Womack v. Berry, 291 S.W.2d 677, 683
(Tex. 1956). To find an abuse of discretion, we must conclude that the facts and circumstances
of this case extinguish any discretion in the matter. Id. at 683.

 Texas courts have followed a "long standing policy and practice" against
"piecemeal trials." Iley v. Hughes, 311 S.W.2d 648, 651 (Tex. 1958); see also Transportation
Ins. Co. v. Moriel, 879 S.W.2d 10, 30 n.29 (Tex. 1995). In Iley, the Texas Supreme Court held
that despite the trial court's broad discretion to order separate trials, rule 174(b) "does not
authorize separate trials of liability and damage issues in personal injury litigation." Id. Texas
courts recognize only two exceptions. First, the Texas Supreme Court has held that punitive
damages may be bifurcated from liability and actual damages. Moriel, 879 S.W.2d at 30. 
Second, this Court has held that liability and damage issues may be bifurcated in class action suits. 
Ford Motor Co. v. Sheldon, 965 S.W.2d 65, 68 (Tex. App.--Austin 1998, pet. granted). Neither
exception applies in this case. Accordingly, we conclude the trial court abused its discretion in
granting plaintiffs' motion to bifurcate trial. (1)

 We conditionally grant the petition for writ of mandamus. We are confident the
trial court will vacate its order on bifurcation, and the writ will issue only on its failure to do so.



Before Chief Justice Aboussie, Justices Jones and Kidd

Mandamus Conditionally Granted

Filed: January 14, 1999

Do Not Publish
1. Plaintiffs contend that the Texas Supreme Court's holding in Iley is limited to personal injury
cases arising out of Texas common law because it predates the Texas legislature's adoption of the
Texas Commission on Human Rights Act ("TCHRA"), the enabling statute for enforcement of
anti-discrimination laws in Texas. They argue that due to the fact that the purpose of the TCHRA
is to promote federal civil rights policy, Texas courts should look to more flexible federal
precedent in determining whether bifurcation is appropriate. The Texas Supreme Court, however,
has not recognized an excepti