Opinion issued February 1, 2001















In The

Court of Appeals

For The

First District of Texas






NO. 01-99-00205-CV






DOUGLAS WOHLFAHRT, M.D. AND LYNN WOHLFAHRT, Appellants


V.


JOHN HOLLOWAY, Appellee






On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 9210256






O P I N I O N This is an appeal from a jury verdict in favor of appellee, John Holloway, on
a suit to collect attorney's fees owed by appellees, Douglas Wohlfahrt, M.D. and
Lynn Wohlfahrt. The Wohlfahrts appeal, contending the trial court erred by: (1)
dismissing their counterclaims as untimely filed; (2) refusing to submit their fraud
and offset questions to the jury; (3) admitting prejudicial evidence that the Wohlfahrts
had been prosecuted for income tax evasion; (4) refusing to allow the Wohlfahrts to
rebut the "tax evasion evidence" with evidence that they had been acquitted; and (5) 
permitting Holloway to recover damages for claims that were barred by limitations. 
We reverse and remand.

BACKGROUND
 

 Holloway is an attorney, and his practice is mostly in the area of medical
malpractice claims against health care providers. Wohlfahrt is an
obstetrician/gynecologist (OB/GYN), and Lynn is his wife. In 1984, Holloway
attempted to sell his home, and the Wohlfahrts visited as potential buyers. During
this initial visit, Lynn explained to Holloway that the Wohlfahrts had some recent
legal trouble, and that a default judgment had been taken against them. From this
initial conversation, a professional and personal relationship developed between
Holloway and the Wohlfahrts.

 Thereafter, Holloway represented the Wohlfahrts in numerous legal matters. 
However, he never sent the Wohlfahrts a bill for his services. Wohlfahrt claimed that
he and Holloway had entered a bartering arrangement, whereby he would consult
with Holloway on his medical malpractice cases in return for Holloway's legal
assistance. Holloway denied such an arrangement, but claimed he never sent them
a bill because it would have been a useless act.

 The relationship deteriorated, and, in March 1992, Holloway for the first time
demanded payment for the work he had performed for the Wohlfahrts. On March 6,
1992, Holloway sued the Wohlfahrts seeking to recover his fees. On March 9, 1992,
Holloway filed two additional suits seeking repayment of loans he claimed to have
made the Wohlfahrts. The Wohlfahrts answered all three suits, which were later
consolidated.

 On December 5, 1993, the Wohlfahrts filed a counterclaim for breach of
contract, wherein they sought reimbursement for the value of the consulting services
Wohlfahrt had provided Holloway. On May 29, 1995, the Wohlfahrts amended their
counterclaim to include causes of action for fraud, slander, defamation, breach of
fiduciary duty, quantum meruit, deceptive trade practices, and abuse of process.

 On the day of trial, Holloway filed a "Motion to Strike Compulsory
Counterclaim and Causes of Action Barred by Limitations." This was not a motion
for summary judgment, in that the Wohlfahrts were not given the notice required
under Tex. R. Civ. P. 166a(c), and no evidence was introduced by either party.

 Nevertheless, the trial court granted Holloway's motion, struck the Wohlfahrts'
counterclaims, and proceeded to trial. The jury returned a verdict in favor of
Holloway, and the trial court entered a judgment awarding Holloway $274,118.28 in
damages, plus costs and attorneys fees.

DISMISSAL OF COMPULSORY COUNTERCLAIMS


A. Does Section 16.069 Bar the Wohlfahrts' Counterclaim?

 In their first issue, the Wohlfahrts contend the trial court erred by dismissing
their counterclaim before trial. (1) In his motion to dismiss, and on appeal, Holloway
argues that the Wohlfahrts' counterclaim was time-barred because it was not filed
within 30 days of the original petition, as required by section 16.069 of the Texas
Civil Practices and Remedies Code, which provides:


 If a counterclaim or cross claim arises out of the same transaction
or occurrence that is the basis of an action, a party to the action
may file the counterclaim or cross claim even though as a
separate action it would be barred by limitations on the date the
party's answer is required.


 


 The counterclaim or cross claim must be filed not later than the
30th day after the date on which the party's answer is required.



Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (Vernon 1997) (emphasis added).


 Holloway contends that, because the Wohlfahrts' compulsory counterclaim (2)

was not filed within 30 days of the date he filed his petitions, the counterclaim is
time-barred. We disagree with Holloway's interpretation of section 16.069. The
statute is a savings clause. "[It] was intended to prevent a plaintiff from waiting until
an adversary's valid claim arising from the same transaction was barred by limitation
before asserting his own claim." Hobbs Trailers v. J.T. Arnett Grain Co., Inc., 560
S.W. 2d 85, 88 (Tex. 1977) (interpreting substantially similar predecessor statute to
section 16.069). Thus, section 16.069 revives a stale compulsory counterclaim for
a limited 30-day period after the plaintiff's petition is filed. See Matthiessen v.
Schaefer, 900 S.W.2d 792, 796 (Tex. App.--San Antonio 1995, writ denied) (holding
that compulsory counterclaim not revived by savings statute because not filed within
30 days of petition).

 However, section 16.069 does not shorten the limitations period of an
otherwise timely-filed compulsory counterclaim. That is, if limitations has not run
on the compulsory counterclaim, section 16.069 is not applicable. If the compulsory
counterclaim is timely, no "saving statute" is needed.

 In L.C.L. Theatres, Inc. v. Columbia Pictures Industries, Inc., the plaintiff
argued that the defendant's compulsory counterclaim was time-barred because it was
not filed within 30 days of the plaintiff's petition, even though the applicable
limitations period on the counterclaim had not yet expired at the time it was filed. 
566 F.2d 494, 498-99 (5th Cir. 1978) (applying Texas law) The Fifth Circuit,
applying the predecessor statute to section 16.069, held that the savings statute had
no application because the counterclaim was timely at the time it was filed. Id. at 499 
Because the counterclaim was not "otherwise barred" at the time it was filed, the
statute did not apply. See id.

 Similarly, we conclude that section 16.069 does not bar the Wohlfahrts'
counterclaim, if it was otherwise timely filed.

B. Was the counterclaim timely filed?

 In their original counterclaim, filed December 5, 1993, the Wohlfahrts sought
only to recover the value of the services that Dr. Wohlfahrt had rendered to Holloway. 
However, in their first amended counterclaim, filed May 29, 1995, the Wohlfahrts
added the following claims: (1) fraud; (2) egregious overbilling (breach of contract);
(3) slander; (4) defamation; (5) breach of fiduciary duty; (6) quantum meruit for
services rendered; (7) breach of the alleged "bartering agreement" (breach of
contract); (8) deceptive trade practices; and (9) abuse of process. We will examine
each of these claims to determine whether Holloway proved that they were untimely
filed.

 a. Four-year limitations (fraud, breach of contract, quantum meruit,
breach of fiduciary duty).


 The Wohlfahrts' claims for fraud, breach of contract, quantum meruit, and
breach of fiduciary duty are governed by the four-year limitations period. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 16.004 (3), (4), (5) (Vernon Supp. 2001 ). The
Wohlfahrts argue that they did not discover their injuries until 1992, when Holloway
first billed, then sued them. In their first amended counterclaim they alleged, "During
the discovery related to this suit [after 1992], the Wohlfahrts have become aware of
an enormous number of instances of fraud, legal malpractice, and deceptive trace
practices committed by Holloway during the course of his representation of their legal
matters." If, as they allege, the Wohlfahrts became aware of their injury when
Holloway billed and sued them in 1992, they had until 1996 to file their counterclaim,
and their 1995 counterclaim was timely.

 A defendant moving for summary judgment on the affirmative defense of
limitations has the burden to conclusively establish that defense, and when the
plaintiff pleads the discovery rule, the defendant must negate that exception. Velsicol
Chemical Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997). Because the
Wohlfahrts pleaded the discovery rule on these claims, it was Holloway's burden to
prove when the Wohlfahrts knew or should have discovered their claims. He did not
do so. In fact, Holloway presented no evidence in support of his motion to dismiss. 
Because Holloway failed to rebut the application of the discovery rule, and the
Wohlfahrts' claims were filed within four years of the time they allegedly discovered
their injuries, the trial court erred in finding that the fraud, breach of contract,
quantum meruit, and breach of fiduciary claims were barred by limitations.

 Furthermore, as a compulsory counterclaim, i.e., arising out of the same
transaction or occurrence as Holloway's claim, the Wohlfahrts amended
counterclaim, which was filed on May 6, 1992, would relate back to their original
counterclaim, which was filed on December 5, 1993. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.068 (Vernon 1997) (providing that amendments to pleadings relate
back to original filing unless wholly based on a new, distinct, or different transaction
or occurrence.). The 1993 counterclaim is also well within four years of the date the
Wohlfahrts claim to have discovered their injuries.

 Accordingly, the trial court erred by dismissing the Wohlfahrts' fraud, breach
of contract, quantum meruit, and breach of fiduciary duty claims.

 b. Two-year limitations (deceptive trade practices, abuse of process)


 1. DTPA Claims

 The Wohlfahrt's DTPA claims are governed by a two-year limitations period.
See Tex. Bus. & Com. Code Ann. § 17.565 (Vernon 1987). In their pleading, the
Wohlfahrts alleged that they discovered Holloway's deceptive trade practices "during
the discovery related to this suit." Having pleaded the discovery rule, the burden
shifted to Holloway to show that the Wohlfahrts knew or should have known of the
facts giving rise to their claim more than two years before they filed their
counterclaim in 1995. Velsicol Chemical Corp., 956 S.W.2d at 530. Again,
Holloway introduced no evidence to show when the Wohlfahrts discovered their
cause of action.

 Furthermore, under section 16.068 of the Texas Civil Practices and Remedies
Code, a cause of action that would otherwise be time-barred, "relates back" to an
earlier timely-filed pleading "unless the amendment or supplement is wholly based
on a new, distinct, or different transaction or occurrence." Tex. Civ. Prac. & Rem.
Code Ann. § 16.068 (Vernon 1997). Again, both parties in this case concede that the
counterclaims are compulsory, i.e., they arise out of the same transaction or
occurrence. Therefore, even if the DTPA claims were barred by limitations at the
time they were filed in 1995, they would "relate back" to the first counterclaim, which
the Wohlfahrts filed on December 5, 1993, well within two years of the time the
Wohlfahrts pleaded that they discovered their cause of action in 1992. See Barraza
v. Koliba, 933 S.W.2d 164, 167-68 (Tex. App.--San Antonio 1996, writ denied)
(holding that counterclaim amended to include DTPA claim related back to timely-filed original counterclaim because it arose from same transaction). Accordingly, the
trial court erred by dismissing the Wohlfahrts' DTPA counterclaim.

 2. Abuse of Process

 The Wohlfahrts' abuse of process claim is governed by a two-year period of
limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2001 ).
Once again, like the DTPA claim discussed above, the Wohlfahrts' abuse of process
claim, as a compulsory counterclaim, relates back to the date the original
counterclaim was filed in December 1993. Thus, the issue is whether limitations had
run on the Wohlfahrts' abuse of process claim at the time they filed their first
counterclaim on December 5, 1993. 

 In their pleading, the Wohlfahrts alleged that on March 11, 1992, Holloway
surreptitiously recorded a lien on the Wohlfahrts' vehicle, which the Wohlfahrts sold
to Jarnigan Pontiac. When Jarnigan Pontiac sold the vehicle on March 26, 1992,
Holloway's lien was discovered, and on July 27, 1992, Holloway released the lien in
return for a payment of $10,000 from Jarnigan Pontiac. The Wohlfahrts alleged that
a result of Holloway's conduct, "LYNN WOHLFAHRT was forced to submit to the
filing of criminal charges and suffered the indignity, great financial expense, and
mental anguish relating to those charges." The Wohlfahrts also alleged that
Holloway's conduct in "knowingly orchestrating a chain of events which led to the
filing of criminal charges against LYNN WOHLFAHRT, constitutes an abuse of
process, for which conduct the Wohlfahrts seek actual and consequential damages,
as well as punitive damages."

 The Wohlfahrts did not plead the discovery rule in connection with their abuse
of process claim. If we use the dates alleged in their counterclaim, the Wohlfahrts
knew of the filing of the lien by Holloway, at the very latest, on July 27, 1992. The
Wohlfahrts' first counterclaim was filed December 5, 1993. Because the abuse of
process claim relates back to the December 5, 1993 filing, it was timely filed within
two years of the actions complained of. Accordingly, the trial court erred by
dismissing the abuse of process claim on limitations grounds.

 c. One-year limitations period (slander, defamation)

 The Wohlfahrts' claims for slander and defamation are subject to a one-year
limitation period. See Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon
Supp. 2001). 

 In their amended counterclaim, the Wohlfahrts alleged that "[Holloway] has
engaged in all manner of slander against them, some of which continues through the
present day, for which the Wohlfahrts also sue." The pleading also alleged, "This
slander has occurred as recently as the last year, and involves allegations of unlawful
conduct, constituting slander per se, giving rise to punitive damages, for which the
Wohlfahrts hereby sue." Thus, the Wohlfahrts pleaded that the slander was ongoing
as of the date the counterclaim was filed. Holloway did not introduce any
controverting evidence. Therefore, the trial court erred by dismissing the Wohlfahrts'
slander claims based on limitations grounds.

C. What is the Wohlfahrts's remedy?

 Having decided that the trial court erred by dismissing all of the Wohlfahrts'
compulsory counterclaims, we must now decide the proper remedy. We have
uniformly held that a trial court abuses its discretion by severing a compulsory
counterclaim. Goins v. League Bank and Trust Co., 857 S.W.2d 628, 630 (Tex.
App.--Houston [1st Dist.] 1993, no pet.); Ryland Group, Inc. v. White, 723 S.W.2d
160, 161 (Tex. App.-Houston [1st Dist.] 1986, orig. proceeding). Furthermore,
compulsory counterclaims are barred by res judicata if not brought at the time of the
plaintiff's suit. See Tex. R. Civ. P. 97 (requiring that compulsory counterclaims be
raised during initial trial involving same transaction or occurrence); Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 630-31 (Tex. 1992) (requiring all claims in
transaction or series of transactions be brought at one time to one final judgment or
suffer potential of having claim extinguished under policy of res judicata).

 We believe that this situation, i.e., the improper dismissal of a compulsory
counterclaim, is analogous. By improperly dismissing the Wohlfahrts' counterclaims,
the trial court has, in effect, severed them from the main cause. If we were to reverse
and remand only the counterclaims for trial, we would deprive the Wohlfahrts of the
right to have their compulsory counterclaims tried by the same jury considering
Holloway's claims and subject them to potential res judicata claims by Holloway. 
Accordingly, we reverse the entire judgment of the trial court and remand for further
proceedings.

 In light of our disposition on the Wohlfahrts' first issue, we need not address
their remaining issues, and decline to do so. 

 Because we have found merit in the Wohlfahrts' appeal and reversed and
remanded the case for further proceedings, we DENY Holloway's motion to impose
sanctions for a frivolous appeal. We overrule all other pending motions.



 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider and Justices Wilson and Duggan. (3)


Do not publish. Tex. R. App. P. 47
1. Holloway also argues that the Wohlfahrts' counterclaim was dismissed, not
based on his motion to dismiss on limitations grounds, but because the Wohlfahrts
voluntarily nonsuited their counterclaim. We do not believe this claim is supported
by the record. Before trial the following exchange took place:


 [Holloway's counsel]: And except for the deceptive trade practice
which [Wohlfahrts' counsel] will provide the Court with a case authority
which would - hits his position that it would be extended for four years. 
Of course, it's the plaintiff's position it would only be two. So, the only
claims that exist right now are the deceptive trade practice claim and the
breach of contract claim on their counterclaim. All other claims have
been dismissed and nonsuited; is that correct?


 [Wohlfahrts' counsel]: That's correct.


 Although, in response to a leading question by Holloway's counsel, the
Wohlfahrts' attorney stated that some of their claims had been "dismissed and
nonsuited," an examination of the entire record shows that no nonsuit was intended. 
Just five pages earlier in the record, the Wohlfahrts' attorney stated, "We are going
to proceed with the counterclaim. My client has not told me to dismiss it or let it go
at this point." There is no order of nonsuit in the record, or a notation of a nonsuit on
the docket sheet. See Tex. R. Civ. P. 162. There is, however, an order granting
Holloway's motion to strike compulsory counterclaim based on limitations. Had the
claim already been voluntarily nonsuited, no such order would have been necessary.
2. Both parties agreed, before the trial court and in their briefs before this Court,
that the Wohlfahrts' counterclaims were compulsory counterclaims, i.e., that they
arose out of the same transaction or occurrence as Holloway's claims. See Tex. R.
Civ. P. 97(a). Therefore, we need not address this issue, and decline to do so.
3. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First 

 District of Texas at Houston, participating by assignment.